UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IN RE:  USA v. MST, etc.	*
	*
	*	Case Number: 2:18-mc-00127-NT
	*

### AFFIDAVIT OF LUKAS ZAK

Lukas Zak, being duly sworn, states as follows:

1. I am a resident and citizen of the Slovak Republic.

2. I respectfully submit this affidavit to set forth facts that I submit demonstrate that I am a victim of the offenses charged in the indictment in the criminal case to which this affidavit relates (the "Criminal Case") and that, even if I do not meet the American standard for victim status, that the Court should hear from me in deciding whether to accept the plea agreement between the government and MST because that agreement appears designed to deprive this Court of its authority to award me part of any fine collected in this matter.

3. I signed onto the *the M/V Marguerita*, a vessel of Liberian registry, in September 2016 as a wiper, a relatively junior employee in the engine department.  It was my second voyage as a mariner.

4. I was affected and damaged by that misconduct; and I cooperated in exposing it and leading to the guilty plea in the Criminal Case.

5. I have read Mr. Hornof's affidavit, and he translated the affidavit so that I could understand it is my native language.  His affidavit accurately summarizes the altered piping on the vessel, the legitimate purpose to which chief engineer Becker put that altered piping and the improper purpose for which chief engineer Babarovic used that piping.  (When I signed onboard

Mr. Babarovic was chief engineer; he was replaced by Mr. Becker, and then Mr Babarovic in turn replaced Mr. Becker.)

6. I participated in the improper use of the piping, because I was ordered by chief engineer Babarovic to do so, because he insisted that it was a proper procedure and because I had not been fully aware of what the configuration of pipes, hoses, valves and tanks was designed or able to accomplish. The machinery space of the *Marguerita* is large and complex.

7. When Mr. Hornof came onboard as the third engineer in May 2017, he investigated the procedures, the piping, the hoses, the valves, the pumps, and the records. He asked me questions about the procedures, and I answered. Mr. Hornof explained to me that what the way the system was being used at Mr. Babarovic's direction was improper and polluted and had not been properly documented.

8. The actions Mr. Babarovic took in insisting on improper use of the ship's systems, in discharging bilge water not through the OWS system and in falsifying records directly harmed me in the following respects:

   a. They created a risk that officials from Liberia or any port nation the vessel visited might interrogate or hold me as a witness or claim I had knowingly done something wrong;

   b. I was ordered to and did participate in conduct I now know was improper; I felt obligated to and did admit my role. I explained my role to officials investigating the matter in Brazil and in the United States;

   c. As a young (I'm 23), new mariner who hopes to have a successful career, I need and depend on a healthy marine environment and a system of international law that can trust mariners to act appropriately; pollution and false entries in pollution control records undermine that system and my future;

d. MST is the only company I have worked for so far as a mariner. They have fired me and I understand I will never work for them again, apparently because I carried out the orders given to me by Mr. Babarovic that I later understood were illegal;

a. Apparently so that the government would have my testimony in various matters and because of the misconduct and the false entries, my permission to enter this Country at to fly home, which was granted on July 7, 2017, was revoked on July 8 (the day of the scheduled flight), without any notice, court hearing or process. I was detained onboard effectively under arrest until July 16, 2017;

e. To gain the vessel's release, my employer entered into an Agreement on Security with the United States, a copy of which was attached to Mr. Hornof's Affidavit. I was not given notice of, nor did I approve that Agreement on Security. It provided that my employer would insist that I get off the vessel, that the vessel would be allowed to sail only if I did so, that my employer would "extend" my employment (which was at its conclusion) without my permission for as long as the government wanted, that I would be told to cooperate with the government (even though I already had done so);

f. As a result of the pollution and false and incomplete entries, I was "paroled" into this country, without being informed of any rights; my attorney attempted to attend that parole process, but he was not allowed to do so; at the time my passport was confiscated.

g. I was held in this country until on or about September 14, 2017. When I left I was subpoenaed to return in November, but that subpoena was later changed to require me to return in May 2018 by a process I did not really understand, and I did return to the United States for trial. The travel was very stressful. I am anxious about traveling to

3

the United States in light of the fact that my rights were violated when I was here last summer.

    h. My career as a mariner is now in doubt.

9. The forgoing are just some of the ways I have been injured by the pollution and the inaccurate record keeping.

                                            /s/ Lukas Zak
                                            Lukas Zak

**STATE of MAINE**                                          May 7, 2018

Personally appeared Lukas Zak and made oath that the forgoing affidavit is true and accurate and that it is based on personal knowledge except to the extent otherwise stated.

                                            /s/ Elaine Akers
                                            Notary Public
                                            My commission expires 07/12/23